IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

CSX TRANSPORTATION, INC.,

    Plaintiff,

v.                                    Case No.:  3:14-cv-27813

TRAKSPEC RAILROAD CORPORATION,

    Defendant.

### MEMORANDUM OPINION and ORDER

Pending is Defendant's Motion to Compel Production of Event Recorder Downloads. (ECF No. 25). Plaintiff CSX Transportation, Inc. ("CSXT") has filed a response in opposition to the motion, (ECF No. 26), and Defendant has replied. (ECF No. 29). Therefore, the motion is fully briefed and ready for resolution. Having considered the written materials, and finding no reason for oral argument, the Court **GRANTS** Defendant's motion to compel and **ORDERS** CSXT to produce the remainder of the event recorder downloads on or before **January 11, 2016**.

### I.   Relevant History

This civil action arises from a CSXT train derailment that occurred on December 4, 2009 on a twelve-mile-long section of track known as the Cabin Creek Subdivision. At the time of the derailment, the defendant was responsible for maintaining the track. (ECF No. 26 at 2). In its Complaint, CSXT alleges that the derailment was caused by the defendant removing anchors from the track in anticipation of replacing the existing rail, which was to occur the same day as the accident. However, at the time of the

1

derailment, the rail had not yet been replaced, and the anchors were missing. CSXT claims that the defendant's wrongful acts caused a number of rail cars to suddenly veer off the track, resulting in damages totaling in excess of $600,000. (ECF No. 1). Defendant TrakSpec Railroad Corporation ("TrakSpec") answered the Complaint by denying responsibility for the derailment and by asserting a variety of affirmative defenses, including comparative negligence, assumption of the risk, and third-party negligence. (ECF No. 5).

In the course of discovery, TrakSpec served its first set of discovery requests on CSXT. Thereafter, the parties decided to try mediating their differences. Consequently, TrakSpec agreed to delay the due date for CSXT's responses to the first set of discovery requests and to submit a second set of discovery requests more tailored to mediation. (ECF No. 25 at 1-2). On September 1, 2015, TrakSpec served its second set of discovery requests. TrakSpec subsequently granted CSXT until October 7, 2015 to answer the requests. On October 12, 2015, TrakSpec's counsel wrote a letter to counsel for CSXT, indicating that some of the responses provided by CSXT were inadequate and requesting supplementation. (ECF No. 25-3). Of relevance to the instant motion, counsel for TrakSpec noted that in response to its request for the event recorder data reflecting the trip taken down Cabin Creek Subdivision by both locomotives involved in the derailment, CSXT had provided only the last ten minutes (or 1.5 miles) leading up to the derailment. TrakSpec clarified that it wanted all of the data for the nearly twelve-mile trip taken on the Cabin Creek Subdivision track that culminated in the December 4, 2009 derailment. The parties engaged in several meet and confers in an effort to resolve this and other discovery disputes until approximately November 3, 2015, when it became clear that the parties' differences over the event recorder data

were not likely to be resolved. (ECF No. 25-4 at 3). TrakSpec filed the motion to compel on November 24, 2015.

## II. **Plaintiff's Objection to Producing the Data**

CSXT raises three grounds in support of its objection to producing the remainder of the event recorder data. First, CSXT argues that the motion to compel should be denied because it was not timely filed. CSXT points out that it served its responses on October 7, 2015, giving TrakSpec until November 9, 2015 to move the court to compel further responses. The motion was not filed until November 24, making it two weeks too late.

Second, CSXT contends that the requested data is irrelevant. Relying on cases that find "fishing expeditions" to be improper, CSXT asserts that TrakSpec already has data for the ten minutes leading up to the derailment. Providing data for an even earlier period would "do no more than describe the train's movements literally miles before" the derailment. (ECF No. 26 at 5). CSXT cites to a decision from the District of New Mexico to support its position that what a train crew did or did not do miles before an accident site is not relevant to litigation over the accident. CSXT also refutes the merits of the examples given by TrakSpec to show how the additional recorder data is relevant.

Finally, CSXT maintains that the Court should not consider the reasons provided by TrakSpec for compelling the data, because they were based upon expert opinions that were not previously disclosed. CSXT argues that when a party fails to timely supply expert opinions required to be produced under Fed. R. Civ. P. 26(a), Rule 37(c)(1) precludes the opinions from being used in support of a motion, unless the failure to disclose was substantially justified or harmless. According to CSXT, neither exception applies in this case.

3

### III. <u>Discussion</u>

With respect to CSXT's first argument, TrakSpec represents to the Court that the delay in filing the motion to compel was due to TrakSpec's efforts to resolve the dispute without judicial intervention. TrakSpec notes that its efforts were not in vain, as CSXT continued to supplement its response to the discovery request even after the motion was filed by providing event recorder data as late as December 10, 2015.

Generally, a motion to compel must be filed within thirty days after the discovery responses are due, or the motion is waived. L. R. Civ. P. 37.1(c). Nonetheless, the Court has "substantial discretion in managing discovery" and may modify discovery-related deadlines; particularly, when doing so furthers resolution of the case on its merits and does not unduly prejudice the opposing party. *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc.*, 43 F.3d 922, 929 (4th Cir. 1995). In this case, while TrakSpec filed its motion late, the delay was not lengthy and did not prejudice CSXT. Indeed, there is sufficient time remaining under the Scheduling Order for TrakSpec to simply file a third request for the production of documents, repeating its demand for the rest of the event recorder data. Consequently, denying the motion to compel now on the basis of untimeliness would not resolve the issue; rather, it would merely delay it. For these reasons, the undersigned finds this argument to be unpersuasive.

The Court finds CSXT's second argument to be equally unavailing. TrakSpec contends, and CSXT does not dispute, that CSXT's own expert witnesses reviewed and relied upon the event recorder data for the locomotives' entire trip on the Cabin Creek Subdivision the day of the derailment. Accordingly, CSXT has no legitimate basis upon which to assert that TrakSpec should be limited to data reflecting only the last 1.5 miles

4

before the derailment. The entire trip on the Cabin Creek Subdivision leading up to and including the derailment is relevant if for no other reason than it was reviewed by CSXT's experts. *Am. Fid. Assur. Co. v. Boyer*, 225 F.R.D. 520, 522 (D.S.C. 2004) (holding that information considered by an expert witness in reaching his or her opinions should be disclosed to the opposing party). In fact, some courts have found disclosure of the materials considered by a trial expert to be required under Fed. R. Civ. P. 26(a)(2)(B). *See, e.g., Karn v. Ingersoll–Rand,* 168 F.R.D. 633, 639–41 (N.D.Ind. 1996). TrakSpec's request is neither unreasonable, nor disproportionate to the needs of the case. Moreover, CSXT makes no argument that the burden of producing the remaining data outweighs its likely benefits. Therefore, the remaining event recorder data should be produced.

      CSXT's final argument is likewise without merit. First, as TrakSpec emphasizes, its expert does mention that he did not have access to all of the data from the event recorder and, as a result, he could not determine definitively how fast the train was going at various times prior to the derailment, which in turn could affect his opinions on crew involvement in the incident. (ECF No. 26-2 at 13-14). In any event, Rule 37(c)(1) is not applicable to this situation because TrakSpec did not fail to provide information or identify a witness as anticipated by the rule. Rather, TrakSpec requested information, which was not provided by CSXT, and therefore TrakSpec's expert could not review the information, rely on or disregard it, or comment on its general level of importance in the whole scheme of things. Furthermore, CSXT cannot demonstrate any harm from the Court allowing TrakSpec to use its expert's affidavit in support of the motion to compel. As previously stated, discovery has not yet concluded, and CSXT will have more than ample time to investigate TrakSpec's expert opinions.

Therefore, for the forgoing reasons, CSXT is **ORDERED** to produce the remainder of the event recorder downloads on or before **January 11, 2016**.

The Clerk is instructed to provide a copy of this Order to counsel of record.

**ENTERED:** January 4, 2016

_____
Cheryl A. Eifert
United States Magistrate Judge